IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| MADALENA JOHNSON | * | Case No. 25-90171 |
| 1185 COUNTY ROAD 522 | * | Chapter 13 |
| NACOGDOCHES, TX 75964 | * | |
| xxx-xx-2388 | * | |
| | * | |
| BARRION N. JOHNSON | * | |
| 1185 COUNTY ROAD 522 | * | |
| NACOGDOCHES, TX 75964 | * | |
| xxx-xx-1404 | * | |

Debtors

## ORDER OF DISMISSAL WITH PREJUDICE FOR 120 DAYS

On this day the Court heard the Trustee's Amended Motion to Dismiss with Prejudice for 120 Days filed in the above captioned Chapter 13 proceeding. The Court finds that the Motion was properly served pursuant to the Federal and Local Rules of Bankruptcy Procedure. After hearing all opposition to the Motion, if any, and upon consideration of the grounds set forth in the Trustee's Motion, the Court determines that this case should be dismissed based upon the applicable reasons as set forth in the Motion pursuant to 11 U.S.C. §§ 1307(c)(1), (3), (9), (10), and/or (4); that good cause exists for the Court, pursuant to 11 U.S.C. § 349(a), to further provide that this case be dismissed with prejudice for 120 days; and that the dismissal of this case is in the best interests of the Creditors.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the Chapter 13 proceeding is hereby DISMISSED WITH PREJUDICE to the Debtors to re-file for any relief under any chapter of the United States Bankruptcy Code for a period of 120 days from the date of the entry of this Order.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that all Income Withholding Orders previously entered in this case are TERMINATED.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that THOMAS F. JONES, III, attorney for the Debtors, is awarded an administrative expense of $_____, to be paid, if possible, from the funds on deposit with the Chapter 13 Trustee in this case pursuant to this Order. Such award is supplementary to the amount of the retainer paid to the Debtors' attorney which said attorney is hereby authorized to withdraw.

IT IS FURTHER ORDERED that, pursuant to 11 U.S.C. § 1326(a)(2), the Chapter 13 Trustee shall disburse the funds on hand, if any and to the extent possible, as follows:

1.   first, the pre-confirmation adequate protection payments which have been previously tendered by the Debtors to the Chapter 13 Trustee for the benefit of Creditors holding an allowed claim secured by personal property retained by the

Debtors as set forth in the Debtors' most recent filed Chapter 13 plan as of the date of this Order shall be forwarded by the Chapter 13 Trustee to these secured Creditors;

2. second, the funds, if any, thereafter remaining on deposit with the Chapter 13 Trustee shall next be distributed by the Chapter 13 Trustee toward the payment of all approved administrative expenses, if any, on an equivalent basis until such time as these approved administrative expenses have been paid in full, unless a different distribution priority has been authorized under any prior order of the Court; and

3. finally, following the full satisfaction of all allowed administrative expenses, if any, any funds remaining in the Trustee's possession shall be distributed to the Debtors.